# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

PHILIP HUDSON,                                    )
                                                 )
                    Petitioner,                  )
                                                 )
v.                                               )        Case No. CIV-23-299-J
                                                 )
STEVEN HARPE,                                    )
                                                 )
                    Respondent.                  )

## ORDER

Petitioner, a state prisoner appearing pro se, seeks federal habeas corpus relief under 28 U.S.C. § 2254. [Doc. Nos. 1, 12].[1] The matter was referred for initial proceedings to United States Magistrate Judge Amanda Maxfield Green consistent with 28 U.S.C. § 636(b)(1)(B), (C).

On July 25, 2023, Respondent moved to dismiss this habeas corpus action as untimely. [Doc. No. 14]. Petitioner responded in opposition. [Doc. No. 16]. On September 15, 2023, Judge Green issued a Report and Recommendation recommending that the Court grant Respondent's motion to dismiss. (Rep. & Rec.) [Doc. No. 17]. Petitioner submitted timely objections. [Doc. Nos. 18–19].[2] The Court "applies de novo review to those findings on which [Petitioner] specifically objected but reviews the non-objected to portions of the Recommendation only to confirm that there is no clear error on the face of the record." *Gauthier v. Hunt*, No. CIV-20-1153-J, 2021 WL 1886297, at *2 (W.D. Okla. May 11, 2021) (cleaned up).

---

[1] Petitioner filed his initial petition on April 10, 2023. [Doc. No. 1]. He subsequently sought leave to amend, and his amended petition was filed on June 26, 2023. [Doc. No. 12].

[2] One day before the Court received Petitioner's Objection to the Magistrate's Report and Recommendation [Doc. No. 19], it received Petitioner's Motion to Supplement Petitioner's Objection to the Magistrate's Report and Recommendation [Doc. No. 18]. The Court granted the latter only to the extent Petitioner sought leave to supplement his opposition to the Report and Recommendation. [Doc. No. 20].

I.    **Background**

Petitioner is a member of the Muscogee (Creek) Nation.  *See* (Am. Pet.) [Doc. No. 12] at 3.[3]  On December 12, 2014, in the District Court of Tulsa County, State of Oklahoma, Petitioner was convicted of three counts of child abuse by injury—crimes of which occurred in Indian country.  *State v. Hudson*, No. CF-2013-941 (Tulsa Cnty. Dist. Ct.).[4]  He was sentenced to concurrent terms of imprisonment of seven and eighteen years on Counts 1 and 2, respectively, and eight years on Count 3 to run consecutively to his sentences on Counts 1 and 2.  *Id.*  The Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentences on January 26, 2016.  [Doc. No. 15–1].

Since that time, Petitioner has filed several unsuccessful applications for post-conviction relief in state court.  Most recently, on April 7, 2022, the OCCA affirmed the denial of Petitioner's third application for post-conviction relief, finding the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), did not apply retroactively to Petitioner's state convictions. *See* [Doc. No. 15–17].

In the instant action, Petitioner alleges the OCCA "violated his 6[th] & 14th Amendment rights to Due Process when it affirmed the District Court's order reversing and overruling its previous Order Granting Application For Post-Conviction Relief dated April 8, 2021, as reversal was procedurally barred."  Am. Pet. at 3 (cleaned up).

---

[3] All page citations refer to the Court's CM/ECF pagination.

[4] The state-court docket is publicly available at https://www.oscn.net/dockets/GetCaseInformatio n.aspx?db=tulsa&number=CF-2013-941&cmid=2601953 (last visited Oct. 16, 2023).

## II.   <u>The Report and Recommendation</u>

On review, Judge Green noted that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2241 *et seq.*, a one-year statute of limitations period exists for § 2254 petitions.  Rep. & Rec. at 4–5.  Applying 28 U.S.C. § 2244(d)(1), Judge Green concluded Petitioner's habeas action was untimely filed.  *Id.* at 5–10.

In relevant part, § 2244(d)(1) provides that the limitations period begins running from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> [or]
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1)(A), (C).  Once the judgment is final and the statute of limitations begins to run under § 2244(d)(1)(A), the limitations period may be tolled where a prisoner properly files an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  *Id.* § 2244(d)(2).

Beginning with § 2244(d)(1)(A), Judge Green initially concluded that absent statutory or equitable tolling, Petitioner's one-year filing period expired on April 26, 2017.  Rep. & Rec. at 6.  However, because Petitioner sought post-conviction relief on March 31, 2017, Judge Green applied statutory tolling and recognized a new expiration date of January 18, 2019.[5]  *Id.* at 6.  Since

---

[5] Judge Green noted that Petitioner had not articulated any grounds for equitable tolling.  *See* Rep. & Rec. at 10.

Petitioner's habeas action was not initiated until April 2023, Judge Green reasoned it was untimely under § 2244(d)(1)(A). *Id.* at 7.

Turning to § 2244(d)(1)(C), Judge Green found the *McGirt* decision has not been made retroactive and thus does not trigger § 2244(d)(1)(C) or otherwise extend the limitations period. *Id.* at 7–9.

### III.   Petitioner's Objections

Liberally construed, Petitioner claims (1) his § 2254 petition was timely filed; and (2) under *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022), the State of Oklahoma is without authority to imprison him. *See* [Doc. Nos. 18–19].

As to Petitioner's first contention, he appears to believe that each post-conviction application he filed in state court started a new limitations period under the AEDPA. He first cites to his most recent application in state court, which was denied on October 29, 2021, and affirmed by the OCCA on April 7, 2022. *See* [Doc. No. 19] at 2. He then notes that his § 2254 petition was mailed on April 6, 2023. *Id.*

But "post-conviction applications in state court do not start a new limitations period running within which a federal application can be timely filed. Such a rule would swallow the one year statute of limitations period prescribed by § 2244(d)." *O'Bryant v. Oklahoma*, 568 F. App'x 632, 636 (10th Cir. 2014); *see also id.* ("[F]ederal courts do not consider the claims raised in state post-conviction applications filed after the limitations period, including permitted extensions for tolling, have run."). Here, the one-year filing period expired in January 2019, and Petitioner's § 2254 petition was not filed until April 2023. Therefore, his § 2254 petition was untimely under § 2244(d)(1)(A).

4

Petitioner's second contention is similarly unpersuasive. Though he vaguely cites the Supreme Court's decision in *Castro-Huerta*, he provides no intelligible support for his claim that the decision warrants relief in this case.  *See* [Doc. No. 18].  To the extent he argues the decision recognized a new constitutional right, the Court finds the objection meritless.  In fact, the *Castro-Huerta* Court held that "the Federal Government and the State have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country."  142 S. Ct. at 2491.

## IV.  <u>Conclusion</u>

Having reviewed Petitioner's objections de novo and the unobjected-to portions of the Report and Recommendation for clear error, the Court agrees with Judge Green's analysis as to the untimeliness of Petitioner's § 2254 petition.  Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 17], GRANTS Respondent's motion to dismiss [Doc. No. 14], and DISMISSES Petitioner's § 2254 petition [Doc. No. 12] WITH PREJUDICE.  Finally, a certificate of appealability is DENIED, as the Court concludes Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 18th day of October, 2023.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE